Booth, Judge,
delivered the opinion of the court.
This is an Indian depredation case and before the court now upon a motion to make findings of fact. The motion for findings will be allowed, the prior judgment of dismissal to stand. The record in the case considered separately from related depredations and events might be sufficient to warrant a judgment for the plaintiff. It can not be so considered, however, for the alleged depredation is so clearly interwoven and so intimately identified with claims for depredations under exactly similar circumstances at or near the time alleged, that the court is unable to find with any degree of certainty that this plaintiff owned the property claimed or that the same was lost at the time and place alleged. We are led to this conclusion by a circumstance very impressive and not usually forgotten, i. e., the murder of three of the herders in charge of plaintiff’s sheep at the time of the Indian invasion. The witnesses in this case as well as the witnesses in cases 1897, 3826, and 2062 identify the depredations positively by testifying to this particular circumstance, and while there is some slight variance as to details, the murder of the herders is the predominant event which fixes the time and place of the raid and the ownership of the property. Proof submitted several decades subsequent to this event as to ownership of the property which directly contradicts contemporaneous statements in writing is not convincing, especially so when we find a substantial judgment awarded the plaintiffs in No. 3826, one of whom was the alleged partner of the present plaintiff residing in the same locality with the latter. The confusion incident to ownership and date of depredation is not cleared up by the present record. It is far too uncertain to warrant a money judgment in the case.
Motion for findings is allowed. Findings this day filed. Prior judgment of dismissal to stand.
Hay, Judge; Downey, Judge; Barney, Judge; and Campbell, Chief Justice, concur.